Merrimack
No. 84-395

PATRICK JACKSON

v.

FEDERAL INSURANCE COMPANY *& a.*

August 16, 1985

*Barto and Gfroerer*, of Concord (*Mark H. Puffer* on the brief and orally), for the plaintiff.

*Wiggin & Nourie*, of Manchester (*Gregory A. Holmes* and *Peter E. Hutchins* on the brief, and *Mr. Holmes* orally), for the defendant Federal Insurance Company.

*James S. Yakovakis P.A.*, of Manchester (*James S. Yakovakis* and *Brian T. McDonough* on the brief, and *Mr. McDonough* orally), for the defendant Merrimack Mutual Fire Insurance Company.

KING, C.J. This appeal from a declaratory judgment (RSA 491:22) involves questions of an insurer's duty to defend an insured

under a homeowner's policy. The insured, Patrick Jackson, filed a declaratory judgment action against the insurers, Federal Insurance Company (Federal) and Merrimack Mutual Fire Insurance Company (Merrimack), requesting that they defend him against a suit alleging liability for acts performed by Mr. Jackson as an official of the town of Epping. For the reasons discussed in this opinion, we vacate the judgment of the Superior Court (*DiClerico*, J.) and order the action for declaratory judgment dismissed.

The insured was a member of the planning board for the town of Epping. As a result of certain actions he took in his capacity as a town official, Mr. Jackson was named as a defendant in a lawsuit filed by Wilfred Cloutier, Mary Cloutier and Pine and Pond, Inc. The lawsuit was originally filed in 1976 against other defendants in the United States District Court for the District of New Hampshire. On December 8, 1980, an amended complaint naming Mr. Jackson was filed, and the amendment was allowed by the federal district court on December 31, 1980. The amended complaint was served on Mr. Jackson on January 12, 1981.

The federal cause of action was based upon 42 U.S.C. §§ 1981, 1983, and 1985, and alleged that Mr. Jackson and other officials of the town of Epping had acted willfully and with malice toward the plaintiffs in order to prevent them from developing a mobile home park on land they owned in the town of Epping. Eventually the federal court dismissed the underlying action, and the First Circuit Court of Appeals affirmed. *Cloutier v. Town of Epping*, 714 F.2d 1184 (1st Cir. 1983).

On July 10, 1981, prior to the dismissal of the underlying federal action, Mr. Jackson filed a petition for declaratory judgment, RSA 491:22, and requested a declaration of coverage and duty to defend in the underlying federal lawsuit. The petition was filed against Federal and Merrimack, the issuers of two homeowner's insurance policies insuring Mr. Jackson. Although the federal action was subsequently dismissed, making moot the issue of the defendants' duty to reimburse for damages, the plaintiff seeks coverage by the defendants for $140,000 in attorney's fees incurred in his defense in the underlying federal suit. Federal filed a motion to dismiss the declaratory judgment action on December 2, 1981, and alleged that Mr. Jackson had failed to file for a declaratory judgment within six months of the filing of the federal amended complaint and was therefore precluded from relief under RSA 491:22. Following a hearing on the dismissal, the Court (*Cann*, J.) denied the motion to dismiss, without making any factual findings. Federal has cross-appealed from the trial court's ruling on the motion to dismiss.

On August 10, 1983, Mr. Jackson filed a motion for summary judgment, to which the defendant Federal objected. Federal then filed a counter motion for summary judgment and on November 7, 1983, the Court (*Goode*, J.) denied all pending motions for summary judgment. Following the insured's motion for reconsideration, the superior court held a hearing on May 16, 1984, and on July 20, 1984, the Court (*DiClerico*, J.) ruled that Federal and Merrimack had no duty to defend Mr. Jackson in the underlying federal lawsuit. Mr. Jackson appealed that ruling.

■ We begin by addressing the propriety of Mr. Jackson's petition for declaratory judgment. The remedy of declaratory judgment is provided for the "'purpose of making a controversy over a legal or equitable right justiciable at an earlier stage of the controversy than it would be if the matter were pursued in an action at law or in equity.'" *Andrews v. Nationwide Mut. Ins. Co.*, 124 N.H. 148, 151–52, 467 A.2d 254, 256 (1983) (quoting *Beaudoin v. State*, 113 N.H. 559, 562, 311 A.2d 310, 313 (1973)). The legislature has provided that a party seeking a determination of insurance coverage must file a declaratory judgment action no more than six months "after the filing of the writ which gives rise to the question." RSA 491:22. The statute goes on to state some exceptions to this six-month requirement. If "the facts giving rise to such coverage dispute are not known to, or reasonably discoverable by, the insurer until after expiration of such 6 month period," then the expiration of the period does not prevent the action. *Id.* Further, the superior court may extend the period "upon a finding that the failure to file such petition was the result of accident, mistake or misfortune and not due to neglect." *Id.*

Mr. Jackson was not sued in the original complaint filed in 1976; instead he was joined as a party by an amended complaint, filed on December 8, 1980, and served on him on January 12, 1981. The insured's petition for declaratory judgment was filed on July 10, 1981, making it within six months of the service date, but beyond six months of the filing date of the amended complaint.

■ Before applying RSA 491:22 to the facts of the present case we must determine whether the phrase "filing of the writ" in the statute applies to both State actions, which are commenced by filing a writ, and federal actions, which are commenced by filing a complaint. The plain language of the statute clearly applies only to State actions. The legislative history also indicates a limitation on the forum from which parties may petition under RSA 491:22.

"This bill would restrict that right to petition for the first 6 months that the suit is in court. This will do away

with the procedure of a few days before the trial, a person filing a declaration petition. It also provides that if same is not filed within 6 months, the court may allow it. It is really a court cleaning bill."

N.H.S. JOUR. 627 (1967). The purpose of this legislation is obviously to limit the time in which a declaratory judgment action may be filed, so that the courts may deal with all questions relating to a dispute litigated before them. The law is referred to as a "court cleaning bill." Clearly, the State legislature does not have the power to "clean" the federal courts, and therefore this bill must have been intended to expedite procedures in the State courts.

██ Although we are mindful that declaratory judgment actions are "broad remedies" which should be "liberally construed," *Beaudoin v. State*, 113 N.H. at 562, 311 A.2d at 313, we hold that under RSA 491:22 a "writ" includes only State actions. As a result, the petition for declaratory judgment filed on July 10, 1981, was not proper because the legislature did not intend to avail litigants in the federal courts of our State declaratory judgment remedy for resolving insurance coverage questions. We note that in *Town of Epping & a. v. St. Paul Fire & Marine Insurance Co. & a.*, 122 N.H. 248, 444 A.2d 496 (1982), this court accepted an appeal from an order on a petition for declaratory judgment under RSA 491:22 filed by other parties to the same underlying federal action as is involved in this case. The better course, however, would have been a dismissal of the parties' petition for the reasons discussed in this opinion.

Having chosen to litigate their dispute in the federal forum the parties must rely upon the relief available through the federal courts. Although RSA 491:22 does not afford litigants in pending federal court cases relief, the corresponding federal declaratory judgment action is available. *See* 28 U.S.C.A. § 2201 (1982). That act allows "any Court of the United States . . . [to] declare the rights and other legal relations of any interested party . . . ." *Id.* The declaratory relief under the federal act is limited to "actual controversies within its jurisdiction," *id.*, and has been used by litigants in the federal courts to resolve insurance coverage questions. *See Keene Corp. v. Ins. Co. of North America*, 667 F.2d 1034 (D.C. Cir. 1981). The federal declaratory procedure has no six-month filing limitation, and a proceeding is time barred only if the underlying cause of action giving rise to the questions to be resolved is time barred. *See Luckenbach Steamship Co. v. United States*, 312 F.2d 545, 548–49 (2d Cir. 1963).

██ In this case, since the litigants could have petitioned for declaratory relief in the federal court where suit was brought, our

denial of a State declaratory judgment procedure does not work a hardship on the parties. Further, policies of federalism and comity make it appropriate for this court to allow the federal courts to resolve insurance coverage questions arising from suits over which those courts have exercised jurisdiction.

We therefore reverse the Trial Court's (*Cann*, J.) ruling and remand for a dismissal of the petition for declaratory judgment. Having ordered the underlying declaratory judgment action dismissed, we vacate the superior court's rulings on the summary judgment motions without reaching the merits of the arguments raised in those motions.

*Judgment vacated and action remanded for dismissal.*

All concurred.