Rockingham
No. 91-198

SCULLY'S AUTO–MARINE UPHOLSTERY, INC.

v.

PEERLESS INSURANCE COMPANY, INC. & a.

July 30, 1992

*J.P. Nadeau*, of Portsmouth, by brief and orally, for the plaintiff.

*Devine, Millimet & Branch P.A.*, of Manchester (*Timothy S. Reiniger* on the brief and orally), for the defendant, Peerless Insurance Company, Inc.

*Nixon, Hall & Hess P.A.*, of Manchester (*David W. Hess* on the brief and orally), for the defendant, Wageman Insurance Agency.

PER CURIAM. The plaintiff, Scully's Auto-Marine Upholstery, Inc. (Scully), appeals the Superior Court's (*Gray*, J.) dismissal of its declaratory judgment action against the defendants, Peerless Insurance Company, Inc. (Peerless) and Wageman Insurance Agency (Wageman). Scully argues that the trial court erred by dismissing the declaratory judgment action, because the six-month limitation period for bringing such actions should run from the time of service of the underlying writ, not from the time of filing of the writ. It also maintains that the declaratory judgment action was not moot, even though the underlying suits had been dismissed, because it had incurred defense costs associated with the dismissal of those suits. For the reasons that follow, we affirm.

On August 13, 1990, Scully filed a petition for declaratory judgment to determine its entitlement to insurance coverage in two civil suits brought against it by a third party. One suit was initially filed in the Maine Superior Court (York County) on January 25, 1990, but the complaint was not served on Scully until March 6, 1990. The second suit, in which Scully was impleaded to indemnify the named defendant, was filed in the United States District Court for the District of Maine on June 13, 1990; the complaint was served on Scully on July 11, 1990.

Both Peerless and Wageman moved to dismiss the declaratory judgment action, asserting that it was time barred under the six-month limitations period for insurance coverage disputes in the declaratory judgment statute. They also maintained that the action was moot because the underlying civil actions had been dismissed. On April 30, 1991, the trial court granted both motions to dismiss. This appeal followed.

The declaratory judgment statute provides in pertinent part:

"Any person claiming a present legal equitable right or title may maintain a petition against any person claiming adversely to such right or title to determine the question as between the parties . . . . No petition shall be maintained under this section to determine coverage of an insurance policy unless it is filed within *6 months after the filing of the writ* which gives rise to the question."

RSA 491:22 (emphasis added). At issue here is the propriety of the application of RSA 491:22 to determine the defendants' obligation to defend the two actions brought against Scully.

We note at the outset that coverage for both a federal district court suit and a Maine superior court action is in dispute in this case. In *Jackson v. Federal Insurance Co.*, 127 N.H. 230, 498 A.2d 757 (1985), we held that RSA 491:22 applies only to underlying suits brought in State court. *Id.* at 233, 498 A.2d at 759. Consequently, the statutory procedure is not available to determine coverage for the proceedings in the United States District Court for the District of Maine. *Jackson supra; Mottolo v. U.S. Fidelity & Guaranty Co.*, 127 N.H. 279, 285, 498 A.2d 760, 765 (1985).

As for coverage for the proceedings in the Maine Superior Court, the question is whether the Maine Superior Court qualifies as a "State court" under *Jackson*. We hold that it does not. Analysis of the *Jackson* case leads us to conclude that the use of RSA 491:22 is limited to parties involved in suits brought in New Hampshire State courts only.

In *Jackson* we noted that "[t]he plain language of the statute clearly applies only to State actions." *Jackson*, 127 N.H. at 232, 498 A.2d at 759. We based our determination partly on the reference to the law as a "court cleaning bill," *id.* at 233, 498 A.2d at 759, and stated that "[c]learly, the State legislature does not have the power to 'clean' the federal courts." *Id.* Likewise, our legislature is powerless to control the procedures by which the Maine State courts deal with questions relating to a dispute litigated before them.

We therefore hold that RSA 491:22 applies only to underlying suits brought in our State courts. Thus, regardless of when the declaratory judgment petition was filed, the trial court correctly dismissed the claims relating to the underlying actions. *See In re Trailer and Plumbing Supplies*, 133 N.H. 432, 438, 578 A.2d 343, 346 (1990) (upholding trial court reaching correct result, but on mistaken

grounds, where there are valid alternative grounds to support decision).

*Affirmed.*

HORTON, J., dissented; the others concurred.

HORTON, J., dissenting: With the majority's interpretation of *Jackson v. Federal Insurance Co.*, 127 N.H. 230, 498 A.2d 757 (1985), barring all declaratory judgment suits determining insurance coverage when the coverage issue flows from an underlying liability suit in the federal courts (as in *Jackson*) or in any foreign jurisdiction (as *Jackson* is here applied), I reexamine *Jackson* in the light of this case and am convinced that *Jackson* should either be reversed or severely limited in its application.

It seems unreasonable to me that a New Hampshire citizen, insured by a New Hampshire policy, can be barred from the determination of a contract matter in the courts of this State. This is particularly true when the underlying liability cases in federal or foreign jurisdictions have been concluded and our court activity can have no conceivable impact on the administration of justice in those jurisdictions.

*Jackson* bases its deprivation of access to our courts, in part, through the use of the 1967 amendment (Laws 1967, 432:1) to our 1929 declaratory judgment statute (Laws 1929, 86:1). The original statute granted access to any person claiming a contested present legal or equitable right or title. A disputed claim of coverage was clearly included. The 1967 amendment was, as noted in *Jackson*, a "court cleaning bill." And further, as noted in *Jackson*, it is not our function to clean the courts of other jurisdictions. Rather than deprive litigants of the access afforded by the bill, does it not make more sense to limit the *amendment* on insurance coverage to cases flowing from liability matters initiated by a writ issued by our courts. As to the conflict between related cases on different tracks and the concerns for comity and federalism expressed in *Jackson*, would not a fairer procedure be for the declaratory judgment respondent to allege some form of *forum non conveniens* and have the matter be determined on a case by case basis?

I would reverse *Jackson* but apply the 1967 amendment as far as practical to the foreign jurisdiction's procedure. In this case, the "filing of the writ" in the Maine state proceeding controls the six-month limitation. *See Mottolo v. U.S. Fidelity & Guaranty Co.*, 127 N.H. 279, 285, 498 A.2d 760, 765 (1985).

The defendants argue that the petition falls outside the six-month period in the Maine superior court action. Both sides maintain that the starting point for the six-month limitation period in that action is January 25, 1990, the original filing date on the complaint. For the purpose of determining "filing of the writ," as contemplated by RSA 491:22, however, further examination is required.

In New Hampshire practice, "the filing of the writ" refers to the procedure whereby a plaintiff submits his original writ to the clerk of court, along with the certificate of service and the entry fee. *See* R. WIEBUSCH, 4 NEW HAMPSHIRE PRACTICE, CIVIL PRACTICE AND PROCEDURE § 429 (1984). Likewise, under the Maine Rules of Civil Procedure, although an action is "commenced (1) by the service of a summons and complaint, or (2) by filing a complaint with the court," ME. R. CIV. P. 3, under either method the party serving the summons returns it with proof of service to the plaintiff's lawyer, who "then files [the summons] together with the original complaint in the clerk's office." 1 R. FIELD *et al.*, MAINE CIVIL PRACTICE § 3.1 (2d ed. 1970); *see also* ME. R. CIV. P. 4(h). It is this latter filing of the complaint and proof of service to which "the filing of the writ" in RSA 491:22 refers. This is not a "discovery rule" for determining the initial event triggering the six-month period. *See Hartford Ins. Co. v. Bird*, 124 N.H. 784, 786, 480 A.2d 4, 5 (1984). Under this interpretation of "the filing of the writ," however, the party named in the underlying suit would have notice of that suit prior to the beginning of the six-month period.

It is appropriate to distinguish between filing for notice and filing to reflect that the matter has been fully and properly commenced. It is possible to conceive of a situation where a writ is filed with a *non est inventus* return and subsequent notice proceedings consume more than the six-month period allowed by RSA 491:22. *See* RSA 510:8; RSA 514:3; R. WIEBUSCH, 4 NEW HAMPSHIRE PRACTICE, CIVIL PRACTICE AND PROCEDURE § 426 (1984).

Applying this interpretation to the facts in this case, I find Scully's declaratory judgment petition was not time barred. The complaint was served on March 6, 1990. The "filing of the writ," therefore, occurred sometime thereafter. Consequently, the petition for declaratory judgment, filed on August 13, 1990, was not untimely. The trial court erred in granting the defendants' motions to dismiss the petition as time barred under RSA 491:22.

The defendants' motions to dismiss also maintained that the coverage issue was moot because the underlying civil actions had been

dismissed. Scully countered that even though the insurers were not liable for indemnification for any adverse judgment in the underlying suits, they were nevertheless required to provide coverage for Scully's cost of defending those suits. Because the trial court simply granted the defendants' motions to dismiss the declaratory judgment action without noting the reasons for the dismissal in its order, we should determine whether dismissal on this ground was proper.

The obligations of an insurer to defend and indemnify are separate and distinct. R. MCNAMARA, 9 NEW HAMPSHIRE PRACTICE, PERSONAL INJURY TORT AND INSURANCE PRACTICE § 445 (1988). "It is well-settled law in New Hampshire that an insurer's obligation to defend its insured is determined by whether the cause of action against the insured alleges sufficient facts in the pleadings to bring it within the express terms of the policy, even though the suit may eventually be found to be without merit." *U.S. Fidelity & Guaranty Co., Inc. v. Johnson Shoes, Inc.*, 123 N.H. 148, 151–52, 461 A.2d 85, 87 (1983).

I would reverse and remand this case for determination of coverage in regard to both actions, that in the York County Superior Court and that in the United States District Court for the District of Maine.