Lumber Insurance v. Allen                CV-91-715-B    02/12/93
               UNITED STATES DISTRICT COURT FOR THE

                      DISTRICT OF NEW HAMPSHIRE


<u>Lumber Insurance Companies</u>

              v.                        Civil Action No. C-91-715-B

<u>Gerald and Kathleen Allen and</u>
<u>Kenneth and Jane Moore</u>


                          O R D E R


     Kenneth and Jane Moore, residents of Massachusetts, filed an
action for trespass in this court against Gerald and Kathleen
Allen, residents of New Hampshire.  The Allens notified their
Massachusetts insurance carrier, Lumber Insurance Company
("Lumber"), of the trespass action and demanded a defense and
indemnification.  Lumber then commenced this declaratory judgment
action against both the Allens and the Moores.

     Lumber's complaint alleges that the court has supplemental
jurisdiction pursuant to 21 U.S.C. § 1367(a) because the trespass
action is pending in this court.  The court (DiClerico, J.), sua
sponte, questioned its subject matter jurisdiction and directed
the parties to brief the jurisdictional issue.  In its
jurisdictional brief, Lumber no longer argues that the court has
supplemental jurisdiction.  Instead, it requests that the court

(i) determine that the Moores are not necessary parties, (ii) dismiss the Moores as defendants, and (iii) allow Lumber to amend its complaint to allege diversity of citizenship jurisdiction.[1] The Allens concur in Lumber's request.  The Moores, however, continue to argue that the court has supplemental jurisdiction. For the reasons that follow, I conclude that the court lacks subject matter jurisdiction over the declaratory judgment action in its present form.  However, because I also conclude that the Moores are not indispensable parties, I will grant Lumber's request to dismiss the Moores as defendants and give Lumber 10 days to amend its complaint to allege diversity of citizenship jurisdiction.

I.  Supplemental Jurisdiction.

Supplemental jurisdiction exists over claims which are so closely related to other claims over which the court has jurisdiction on some other basis "that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).

_____

[1]Lumber also argues that the court should permit the Moores to intervene in the amended action.  I decline to address this issue at the present time because the Moores have not requested intervention.

The Moores claim that the court has supplemental jurisdiction over the declaratory judgment action because the court has diversity of citizenship jurisdiction over the closely related trespass action. However, they have failed to cite any authority to support their claim that 28 U.S.C. § 1367(a) permits the court to assert subject matter jurisdiction over claims in one action simply because the court has jurisdiction over related claims in another action. The doctrine of ancillary jurisdiction was never interpreted so broadly, see, e.g., Reddy Ford v. California State Board of Equalization, 722 F.2d 496, 498 (9th Cir. 1983), cert. denied, 469 U.S. 817 (1984); Fidelity Casualty Company v. Reserve Insurance Co., 596 F.2d 914, 918 (9th Cir. 1979), and nothing in the plain language of the supplemental jurisdiction statute suggests that Congress intended to expand the court's jurisdiction in this manner.

The Moores' interpretation of 28 U.S.C. § 1367(a) is also problematic because it would allow plaintiffs in diversity of citizenship cases to circumvent the limitation on supplemental jurisdiction contained in 28 U.S.C. § 1367(b). In Owen Equipment & Erection Co. v. Kruger, 437 U.S. 376, 379 (1978), the United States Supreme Court held that it would undermine the requirement of complete diversity of citizenship to allow a plaintiff to rely

-3-

on the doctrine of ancillary jurisdiction to assert claims against non-diverse parties in a diversity of citizenship case. This requirement was retained in 28 U.S.C. § 1367(b) which provides:

> In any civil action of which the district courts have original jurisdiction founded solely on section 1322 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

28 U.S.C. § 1367(b) would be meaningless if a plaintiff could invoke supplemental jurisdiction to assert claims against non-diverse parties simply by commencing a separate action against such parties. I will not interpret one section of a statute in a way which would deprive another section of the same statute of any practical significance. United States v. Ven-Fuel, Inc., 758 F.2d 741, 751-52 (1st Cir. 1985). Accordingly, I reject the Moores argument that the court has supplemental jurisdiction over the declaratory judgment action in its present form.

II. Diversity of Citizenship Jurisdiction.

Having determined that the court lacks subject matter jurisdiction over the declaratory judgment action, I may either dismiss the entire action or perfect diversity jurisdiction by dismissing the non-diverse parties, as long as those parties are not indispensable under Rule 19(b) of the Federal Rules of Civil Procedure. See, e.g., Gonzalez v. Cruz, 926 F.2d 1, 5-7 (1st Cir. 1991); Ross v. International Bhd. of Elec. Workers, 634 F.2d 453, 456-57 (9th Cir. 1980); Fidelity & Casualty Co. v. Reserve Ins. Co., 596 F.2d 914, 918 (9th Cir. 1979).

Rule 19(b) determinations "involve a balancing of competing interests and must be steeped in 'pragmatic considerations'." Travelers Indemnity Co. v. Dingwell, 884 F.2d 629, 635 (1st Cir. 1989) (quoting Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 111 (1968)). There are four primary interests which Rule 19(b) was designed to protect:

> The first is the plaintiff's interest in having a forum. The second is the defendant's interest in avoiding multiple litigation, inconsistent relief, or sole responsibility for a liability he shares with another. The third interest belongs to the party that should, but cannot, be joined. That party wishes to prevent the proceedings before the court from impairing its rights. The fourth interest is that of the courts and the public in "complete, consistent, and efficient settlement of controversies."

Id. (citing Provident Tradesmens Bank, 390 U.S. at 111).

In the present case, the first of the four identified interests is paramount. If I dismiss the entire action, Lumber will be deprived of a forum for its claim for declaratory relief. Under Jackson v. Federal Insurance Co., 127 N.H. 230, 233-34 (1985), Lumber cannot file a declaratory judgment action in state court because the underlying trespass action is pending in federal court. See also Scully's Automotive Upholstery v. Peerless, 611 A.2d 635, 637 (N.H. 1992). Accordingly, if I dismiss the declaratory judgment action, Lumber's obligation to defend and indemnify the Allens could only be judicially determined through a breach of contract action brought by the Allens against Lumber in state court. Obviously, this would place Lumber in a substantially worse position than if I retain jurisdiction over the declaratory judgment action.

The second interest, the defendant's interest in avoiding multiple litigation, is not applicable here because the continuation of the declaratory judgment action in federal court without the Moores could not possibly subject the Allens to multiple litigation on the same issues.

The third interest is that of the parties who cannot be joined, the Moores. Several courts have held that the injured

party is indispensable in an insurance declaratory judgment action because the injured party's interests will not be adequately represented by the insured. The principal concern expressed by these courts is the possibility that the insured will default and thereby forfeit the injured party's interest. See, e.g., Globe Indemnity Co. v. Lou Bachrodt Chevrolet, Inc., 1992 W.L. 390786 (N.D.Ill. Dec. 24, 1992)(citing Fathers of Mt. Carmel v. National Ben Franklin, 697 F.Supp. 971, 973 (N.D. Ill. 1988)). Although the possibility of a future default can never be ruled out, the Allens have a strong interest in obtaining insurance coverage for any liability they might owe to the Moores in the trespass action. Moreover, the Allens have given no sign that they are unwilling or unable to protect both their interest and the Moores' contingent interest by vigorously asserting their claim for insurance coverage. Finally, the Moores are unlikely to prefer a complete dismissal of the action over the continuation of the action without them because the Moores also lack an adequate alternative forum from which to obtain an early determination of Lumber's coverage obligations. See, e.g., Jackson, 122 N.H. at 233-34.

The final interest is the public's interest in the complete and efficient settlement of controversies. As I have already

observed, none of the parties have an adequate alternative forum if I dismiss the case.  Accordingly, the underlying trespass action in all likelihood will proceed to judgment without an authoritative determination of Lumber's duty to defend and indemnify the Allens unless I retain jurisdiction over the declaratory judgment action.  Alternatively, if I retain jurisdiction over the declaratory judgment action and dismiss the Moores as parties, the liklihood that the Moores will commence a separate action in state court is low because the Moores would not have a right to commence such an action until and unless they first obtain a judgment against the Allens in the trespass action.  See, e.g., Burke v. Fireman's Fund Ins. Co., 120 N.H. 365, 366 (1980).

In summary, the interests of Lumber and the Allens in promptly resolving their insurance coverage dispute through the declaratory judgment action is sufficiently strong so as to outweigh any interest the Moores or the public may have in seeing the entire action dismissed.  Accordingly, I find that the Moores are not indispensable parties under Rule 19(b).

Lumber shall have 10 days to amend its complaint to allege diversity of citizenship jurisdiction.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

February 12, 1993

cc:  Stephen Borofsky, Esq.
     Pamela Albee, Esq.
     Doreen Connor, Esq.