Allenstown v. National Casualty          CV-90-501-B    07/16/93

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


Town of Allenstown, et al.

    v.                                    Civil No. 90-501-B

National Casualty Company


**O R D E R**

The plaintiffs in this declaratory judgment action are seeking a determination that their insurer is obligated to defend and indemnify them in an underlying action that was also brought in federal court.

One of the paramount questions in this case is, who bears the burden of proof with respect to the insurer's claim that the plaintiffs have no coverage because they failed to notify the insurer of the commencement of the underlying action? The answer to this question depends upon the resolution of two subsidiary issues: First, may a policyholder maintain a declaratory judgment claim pursuant to RSA 491:22 in federal court and obtain the benefits of the burden shifting provisions of RSA 491:22-a if the underlying action is also pending in federal court? Second,

if a litigant in federal court may not bring a claim under RSA 491:22 under these circumstances, what law will determine the burden of proof to be applied in resolving plaintiffs' declaratory judgment claim?

For the reasons that follow, the court determines that (i) a litigant may not maintain a claim in federal court pursuant to RSA 491:22 if the underlying action is also pending in federal court; and (ii) even though the burden of proof in this diversity case is governed by New Hampshire law, the plaintiffs may not invoke the burden shifting provisions of RSA 491:22-a because, irrespective of where the insurance coverage claim was brought, RSA 491:22 et seq. does not apply if the underlying action was brought in the federal court. Accordingly, the court will look to the language applied in New Hampshire contract actions and will place the burden of proof on the plaintiffs to establish that their insurer has breached the terms of the insurance contract.

## FACTS

On May 4, 1986, Paul Cutting was arrested by Officer Montplaisir of the Allenstown Police Department. In April 1988, Cutting and his wife sent a demand letter to the Allenstown Board

2

of Selectmen notifying the Board that they were making a claim for damages against the Town, the Police Department, and Officer Montplaisir (collectively "plaintiffs") for civil rights violations that allegedly occurred during Cutting's arrest.

Plaintiffs sent the Cuttings' demand letter to their insurer, National Casualty Company. The insurer opened a file and obtained certain information from the plaintiffs concerning the demand. The insurer claims that it instructed the plaintiffs to notify it by telephone if suit was filed. The insurance policy contained a provision that the insured "shall immediately forward to the Company every demand, notice, summons, or other process received by him or his representative." The policy also stated, "[n]o action shall lie against the Company unless, as a condition precedent thereto, there shall have been full compliance with all of the terms of this policy . . . . "

On July 11, 1988, plaintiffs were served with a Complaint and Summons in U.S. District Court for the District of New Hampshire. Plaintiffs contend that they mailed the Complaint and Summons to the insurer on July 19, 1988. However, the insurer claims that it did not receive them and denies that they were mailed. The insurer did not file appearances on the plaintiffs' behalf, and a default judgment was entered on March 8, 1989. The

3

insurer claims that it first received notice of the suit in May 1990. In June 1990, it denied plaintiffs' claim for coverage, claiming, among other things, that the insurer had not received timely notification of the commencement of the suit.

## PROCEDURAL HISTORY

Plaintiffs brought this case in the New Hampshire Superior Court as a petition for declaratory judgment pursuant to RSA 491:22.[1] The defendant, relying on 28 U.S.C. § 1441, removed the

----

[1]RSA 491:22 provides:

> Any person claiming a present legal or equitable right or title may maintain a petition against any person claiming adversely to such right or title to determine the question as between the parties, and the court's judgment or decree thereon shall be conclusive. The district court shall have concurrent jurisdiction over such claims arising under its subject matter jurisdiction authority in RSA 502-A except that the defendant shall have the right to remove said declaratory judgment action to the superior court, subject to conditions established by rule of court, if the claim exceeds $1,500. The court of probate shall have exclusive jurisdiction over such claims arising under its subject matter jurisdiction authority in RSA 547 and RSA 552:7. No petition shall be maintained under this section to determine coverage of an insurance policy unless it is filed within 6 months after the filing of the writ which gives rise to the question; provided, however, that the foregoing

4

case to this court, and plaintiffs subsequently amended the petition to add claims for breach of contract and bad faith and a claim for a declaratory judgment pursuant to 28 U.S.C. § 2201.

Defendant challenged plaintiffs' RSA 491:22 claim through a motion for partial summary judgment, arguing that plaintiffs could not maintain a claim under the statute because the underlying action had been brought in federal court. The court rejected this argument and denied the defendant's motion in orders dated July 2 and August 8, 1991.

The court then directed the parties to brief the question of which side bears the burden of proof on the issue of timely notice. Relying on RSA 491:22-a,[2] plaintiffs argued that the

---

prohibition shall not apply where the facts giving rise to such coverage dispute are not known to, or reasonably discoverable by, the insurer until after expiration of such 6 month period; and provided, further, that the superior court may permit the filing of such a petition after such period upon a finding that the failure to file such petition was the result of accident, mistake, or misfortune and not due to neglect.

[2]RSA 491:22-a provides: "In any petition under RSA 491:22 to determine the coverage of a liability insurance policy, the burden of proof concerning the coverage shall be upon the insurer whether he institutes the petition or whether the claimant asserting the coverage institutes the petition."

5

burden of proof lies with the insurer.  The defendant took a contrary position and relied upon Lumbermens Mutual Casualty Co. v. Oliver, 115 N.H. 141, 144 (1975), in which the New Hampshire Supreme Court placed the burden of proving timely notice on the policyholder without referring to RSA 491:22-a.  Because it was unclear whether Lumbermens Mutual Casualty Co. remains good law in light of subsequent New Hampshire Supreme Court decisions applying RSA 491:22-a to other insurance coverage questions, the court proposed to certify the burden of proof question to the New Hampshire Supreme Court.

Before the issue was certified, however, the court issued an Order questioning the effect of the New Hampshire Supreme Court's intervening decision in Scully's Auto-Marine Upholstery, Inc. v. Peerless Insurance Co., 136 N.H. 65 (1992), on this court's prior rulings denying defendant's motion for summary judgment.  Because the resolution of this issue could affect the burden of proof question, the court deferred further action on the certification issue and requested briefs on whether the court should reconsider its prior rulings on defendant's motion for partial summary judgment.

**DISCUSSION**

I.  Law of the Case

As things now stand, the court has held that the plaintiffs are entitled to maintain a claim pursuant to RSA 491:22 and claim the benefit of the burden shifting provisions of RSA 491:22-a. Thus, as a threshold matter, the court must determine whether it may reconsider this issue without violating the established law of the case. "The law of the case doctrine makes binding upon a court a ruling made by a court at the same or higher level during prior stages of the same litigation, unless, of course, the ruling has been reversed in the interim." Lacey v. Gardino, 791 F.2d 980, 984 (1st Cir. 1986) cert. denied, 107 S. Ct. 284 (1986).  Exceptions to the law of the case doctrine exist, however, where there has been "a substantial change in the law subsequent to the first decision,"  Home Placement Serv. v. Providence Journal Co., 819 F.2d 1199, 1203 (1st Cir. 1987), or where the earlier decision is clearly erroneous and a substantial injury would result from the continued application of the prior ruling, Arizona v. California, 460 U.S. 605, 618 n.8 (1983).

The law of the case doctrine does not prevent reconsideration of the court's prior ruling on defendant's motion for partial summary judgment because the New Hampshire Supreme

7

Court's recent decision in Scully's Auto-Marine calls into serious question the validity of the court's prior ruling. Since an erroneous ruling on the issue would substantially injure the interests of the losing party, the court finds that a sufficient basis exists to reconsider the prior rulings.

II. Defendant's Motion for Partial Summary Judgment

In Scully's Auto-Marine, the New Hampshire Supreme Court held that "RSA 491:22 applies only to underlying suits brought in our State courts." 136 N.H. at 67. Accordingly, the Court affirmed the lower court's order dismissing a declaratory judgment claim brought pursuant to RSA 491:22 because the underlying actions giving rise to the claim had not been filed in the New Hampshire state courts.

Plaintiffs argue that Scully's Auto-Marine is inapplicable here because their right to rely on RSA 491:22 in the Federal District Court for the District of New Hampshire is expressly preserved by RSA 491:22-c, which provides that:

> The remedy of declaratory judgment to determine the coverage of a liability insurance policy under RSA 491:22, 22-a, and 22-b shall also be available in the United States district court for the district of New Hampshire when that court may properly adjudicate the matter under the laws of the United States.

In essence, plaintiffs' claim that the New Hampshire Legislature intended to reward policyholders who are able to invoke the jurisdiction of the federal courts by allowing them to bring a claim pursuant to RSA 491:22 and obtain the benefits of the burden shifting and attorneys fees provisions of RSA 491:22-a and b[3], even though similarly situated policyholders who are unable to bring their declaratory judgment claims in federal court would be denied such benefits as a result of the New Hampshire Supreme Court's ruling in Scully's Auto-Marine.

The court declines to adopt plaintiff's construction of RSA 491:22-c for several reasons. First, the plain language of the statute does not support plaintiffs' argument that the legislature intended to provide a right of action that was enforceable in federal court even though the same action could not be brought in state court. To the contrary, the legislature's statement in RSA 491:22-c, that the declaratory judgment remedy "shall also be available in the United States District Court for the District of New Hampshire," (emphasis added) suggests only that the remedy should be available in

_____

[3]RSA 491:22-b provides: "In an action to determine coverage of an insurance policy pursuant to RSA 491:22, if the insured prevails in such action, he shall receive court costs and reasonable attorneys' fees from the insurer."

9

federal court when it is <u>also</u> available in state court.
Accordingly, plaintiffs can find no support for their position in
New Hampshire's primary rule of statutory construction that a
statute will be read as a whole and statutory terms will be given
their ordinary meaning.  <u>See</u> <u>Great Lakes Aircraft Co. v.</u>
<u>Claremont</u>, 135 N.H. 270, 277-78 (1992).

Second, the plaintiffs' interpretation of RSA 491:22-c would
arbitrarily favor policyholders who are able to sue in federal
court while punishing policyholders with similar claims who are
unable to invoke the federal court's limited jurisdiction to
resolve state contract disputes.  The court can conceive of no
rational reasons to support such an interpretation and none have
been offered by the plaintiffs.[4]  Thus, in the absence of a clear
directive from the legislature, the court will decline to
interpret the statute to achieve such an arbitrary result.  <u>See</u>
<u>New England Brickmaster, Inc. v. Salem</u>, 133 N.H. 655, 663 (1990).

---

[4]The mere fact that the underlying litigation is also
pending in federal court is hardly sufficient to justify
plaintiffs' construction of RSA 491:22-c.  Many policyholders who
are sued in federal court nevertheless may be unable to file
their declaratory judgment claims in federal court because they
are unable to invoke the court's diversity of citizenship
jurisdiction.  There is no rational reason why the legislature
would choose to allow only those who can bring their declaratory
judgment claims in federal court to claim the benefits of RSA
491:22.

10

Finally, the interpretation of RSA 491:22-c proposed by plaintiffs would raise a serious question concerning the constitutionality of the statute in cases such as this, where an out-of-state defendant would be severely penalized by operation of state law if the defendant exercises its right under 28 U.S.C. § 1441 to remove a claim against it to federal court. If plaintiffs' interpretation of RSA 491:22-c were adopted, a defendant's decision to remove a case to federal court would result in the burden of proof being placed on the defendant pursuant to RSA 491:22-a. It would also subject the defendant to the potential of having to pay the policyholder's attorneys fees pursuant to RSA 491:22-b. However, at least in cases where the underlying action was filed in federal court, neither provision would apply if the defendant left the claim in state court. The Supremacy Clause to the United States Constitution prohibits a state from passing legislation which would restrict or severely punish a litigant for invoking the jurisdiction of the federal court. Terral v. Burke Constr. Co., 257 U.S. 529, 531 (1922) (foreign corporation cannot be deprived of license to do business if it invokes the jurisdiction of the federal courts by filing an action or removing a state court case to federal court); see also Railway Co. v. Whitton's Administrator, 80 U.S. 270 (1871)

11

(enforcement of state created wrongful death action cannot be limited to state courts). In this case, plaintiffs' interpretation of RSA 491:22-c would punish certain insurer defendants who remove diverse claims to federal court by subjecting them to burden shifting and the potential of attorneys fees which they would not face if the case remained in state court. The court declines to read the statute to require such a result because it would call the constitutionality of the statute into serious question. See State v. Johnson, 134 N.H. 570, 576 (1991).

A more reasonable interpretation of RSA 491:22-c, and the interpretation the court adopts, is that RSA 491:22-c merely recognizes that where a right to rely on 491:22 exists in the state court, that same right must be afforded to litigants who are able to successfully invoke the diversity jurisdiction of the federal courts. See Peterborough v. The Hartford Fire Ins. Co., Civ. 92-50-SD, slip.op. (D.N.H. April 14, 1993)(Devine, J.); see also Tital Holdings Syndicate, Inc.v. City of Keene, N.H., 898 F.2d 265, 273-74 n.8 (1st Cir. 1990) (noting that "whatever the full effect of this amendment," RSA 491:22-c permits a claim under RSA 491:22 et seq. to be maintained in federal court when the underlying claim was brought in state court). Although it

12

does not afford plaintiffs the relief they seek, this interpretation is consistent with the plain meaning of the statute, gives the statute a purpose and effect that is not irrational or arbitrary, and avoids the serious constitutional question raised by the plaintiffs' interpretation of the statute. Thus, the court rejects plaintiffs' proposed interpretation of RSA 491:22-c and reconsiders its prior ruling on defendant's motion for summary judgment. Plaintiffs' claim pursuant to RSA 491:22 is dismissed.

III. Burden of Proof

Even though plaintiffs' declaratory judgment claim must be brought under 28 U.S.C. § 2201 rather than RSA 491:22, plaintiffs' claim, including the allocation of the burden of proof, nevertheless will be governed by New Hampshire substantive law. American Title Ins. Co. v. East West Financ. Corp., 959 F.2d 345, 348 (1st Cir. 1992); Fireman's Fund Ins. Co. v. Videofreeze Corp., 540 F.2d 1171, 1174-75 (3rd Cir. 1976). However, the court will not look to RSA 491:22-a for an answer to the burden of proof question because plaintiffs would not be entitled to rely on RSA 491:22 et seq., even if their claim had remained in state court. Accord Peterborough v. The Hartford

13

Fire Ins. Co., 1993 U.S. Dist. LEXIS 8762, at *14-*19 (D.N.H. June 9, 1993). Instead, the court will follow New Hampshire contract law in which the burden of proof has traditionally remained with the party asserting that the contract has been breached. See Markis v. Nolan, 115 N.H. 135, 136 (1975); see also The Travelers Ins. Co. v. Greenbough, 88 N.H. 391, 392 (1937) (assigning the burden of proof to the policyholder on a breach of contract theory under declaratory judgment statute prior to the adoption of RSA 491:22-a). This result is consistent with Lumbermens Mutual Casualty Co., in which the New Hampshire Supreme Court held that the burden proving that the insurer was afforded timely notice of an occurrence rests with the policyholder. Thus, in this case the plaintiffs will bear the burden of proving that they fulfilled their notice obligations under the defendant's policies.

Because the court has determined that RSA 491:22 et seq. may not be relied upon by the plaintiffs, there is no longer a need to resolve the apparent conflict between RSA 491:22-a and the New Hampshire Supreme Court's opinion in Lumbermens Mutual Casualty Co. by certifying this issue to the New Hampshire Supreme Court.

## CONCLUSION

The court reconsiders its prior rulings denying defendant's motion for partial summary judgment and grants the motion insofar as it seeks the dismissal of plaintiffs' claims pursuant to RSA 491:22.  The court further determines that the burden of proof shall lie with the plaintiffs on the notice issue.  The court's proposal to certify the question to the New Hampshire Supreme Court accordingly is moot.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

July 16, 1993

cc:  John A. Lassey, Esq.
     Glenn R. Milner, Esq.

15