Merrimack
No. 79-028

NATIONAL GRANGE MUTUAL INSURANCE COMPANY

v.

OLIVER N. WATTERSON
FIREMAN'S FUND AMERICAN INSURANCE COMPANY
AND
FREDERICK M. JENOVESE

March 5, 1980

*Hall, Morse, Gallagher & Anderson,* of Concord (*William S. Hall* orally), for plaintiff National Grange Mutual Insurance Company.

*Upton, Sanders & Smith*, of Concord (*Gary B. Richardson* orally), for defendant Oliver N. Watterson.

*Wiggin & Nourie*, of Manchester (*Gregory A. Holmes* orally), for defendant Fireman's Fund American Insurance Company.

*Paul A. Rinden P.A.*, of Concord (*Paul A. Rinden* orally), for defendant Frederick M. Jenovese.

BROCK, J. This is a petition for declaratory judgment brought by the plaintiff National Grange Mutual Insurance Company to determine whether it must provide coverage under a homeowner's policy to its insured, Oliver N. Watterson, with respect to a tort action brought against him by Frederick M. Jenovese. Watterson, Jenovese, and Fireman's Fund American Insurance Company (which insured Watterson under a general automobile liability policy) filed motions to dismiss, alleging that the petition for declaratory judgment was not timely filed under RSA 491:22. A hearing was held before a Master (*Robert A. Carignan*, Esq.), whose recommendation to dismiss the petition for declaratory judgment was approved by the Superior Court (*DiClerico*, J.). Plaintiff's exceptions were reserved and transferred.

Jenovese's underlying tort action was commenced by a writ returnable on the first Tuesday of April, 1975. It alleged "that said defendant Watterson, on the twentieth day of September, A.D. 1974, at the City Dump of Concord, N.H., with force and arms made an assault upon the plaintiff . . . violently threw him upon the ground from atop the truck he was standing on, causing him to suffer a broken ankle and other injuries . . . to the plaintiff's damage in the sum of twenty-five thousand dollars." At the bottom of the writ the following sentence appeared: "[t]o the damage of the plaintiff as he says the sum of Five Hundred Thousand and 00/00 dollars." Watterson's homeowner's policy with the National Grange excludes coverage for injuries intentionally caused by him.

By letter of March 20, 1975, National Grange notified Watterson that attorneys had been retained to defend him, but that he may wish to obtain independent counsel to protect himself against a judgment in excess of his insurance coverage, which was limited to $25,000. Watterson retained independent counsel. However, due to a misunderstanding over the amount of damages being claimed by the plaintiff, his counsel did not become actively involved in the litigation until the summer of 1977.

National Grange filed a reservation of rights on April 1, 1975. This reservation states:

> [T]he special appearance which has been entered on behalf of Oliver Watterson is for the purpose of representing National Grange Mutual Insurance Company to the extent of the limits of coverage provided Watterson in a liability insurance policy issued to Oliver Watterson. Inasmuch as the ad damnum in this action exceeds the amount of the coverage extended to him, this appearance is not to be construed as covering the action beyond the extent of the amount of the coverage.

Under this reservation, counsel for National Grange and Jenovese attended a pretrial conference before the Superior Court (*Cann*, J.) on April 6, 1977. At that time counsel for Jenovese announced his intention to amend the writ to allege a count in negligence rather than intentional tort. National Grange advised the court that in the event the writ was amended it would file a petition for declaratory judgment.

A motion to amend the writ was filed on July 5, 1977, and was granted on August 12, 1977. The amended writ set forth a count in negligence and prayed for damages in the amount of $500,000 alleging that Jenovese's leg had to be amputated as a result of the injuries sustained. On August 1, 1977, National Grange filed its petition for declaratory judgment and shortly thereafter the defendants filed their motions to dismiss.

The defendants contend that the six-month limitation period in RSA 491:22 relates back to the date the original writ was filed. National Grange, on the other hand, argues that when the writ is materially amended, the six-month period begins to run anew.

The six-month limitation period in RSA 491:22 is not an absolute one. Under certain circumstances, the insurer may file a petition for declaratory judgment after the six-month period has run. RSA 491:22 provides in part:

> [T]he foregoing prohibition [the six month limitation period] shall not apply where *the facts giving rise to such coverage dispute* are not known to, or reasonably discoverable by, the insurer until after expiration of such six-month period. . . . (Emphasis added.)

Although it is apparent that facts giving rise to coverage disputes may come to the attention of an insurer in various ways, we are concerned here only with facts giving rise to coverage disputes which come to the attention of an insurer by way of a plaintiff's pleadings.

Plaintiff's original writ sets forth facts supporting a claim that the defendant committed an intentional tort against the plaintiff. The writ directly raised the question of whether or not National Grange insured the defendant for such conduct. The facts alleged by the plaintiff in support of his cause of action were clearly known to the insurer who then had six months to resolve any coverage disputes raised by the allegations of the plaintiff. The amended writ, in which plaintiff changed his theory of liability from intentional tort to negligence and alleged new facts in support of his claim, raised for the first time the question whether National Grange insured the defendant for his negligent conduct.

■ ■ Because the amended writ alleges significant new facts which may give rise to coverage disputes not previously raised, National Grange has six months to resolve such disputes by filing a petition for declaratory judgment. Any coverage disputes that were fairly raised by the facts pled in the original writ, however, may not now be challenged by a petition for declaratory judgment because those facts were known by the insurer at the time the original writ was brought and the original six-month limitation period has passed. To allow National Grange to now contest questions of coverage that were raised in the original writ would impede the progress of the underlying writ and violate the legislative intent as expressed in RSA 491:22. *Fireman's Fund American Ins. Co. v. Webber*, 112 N.H. 466, 477, 198 A.2d 745, 747 (1972).

■ In his motion to dismiss the National Grange declaratory judgment action, the defendant Watterson alleges that he has insurance coverage with the Merchants Mutual Insurance Company and the Fireman's Fund American Insurance Company. He contends, however, because he relied upon the general appearance filed on his behalf by the National Grange, he did not petition for declaratory judgment against his other two insurers. We note that the specification in the original writ prayed for damages of $25,000, while "$500,000" was inserted in the pre-printed portion at the bottom of the writ. It is clear that Watterson, his private counsel, and Fireman's Fund all assumed that the ad damnum alleged in this writ was $25,000 and that National Grange would defend and indemnify up to that amount. It was not until the plaintiff amended his writ specifying damages in the amount of $500,000 that Watterson had any reason to petition for declaratory judgment against his other insurers. The same rationale which allows National Grange to bring a petition for declaratory judgment based on the amended writ applies to allow

Watterson six months to file a petition for declaratory judgment against his other insurers seeking coverage for such liability as he may incur in excess of the limits of his National Grange policy.

*Exceptions sustained in part; remanded.*

KING, J., did not sit; the others concurred.