Hillsborough
No. 79-384

IRVING L. SINGER

v.

TRAVELERS INDEMNITY COMPANY

December 26, 1980

*Victor W. Dahar,* of Manchester, by brief and orally, for the plaintiff.

*Faulkner, Plaut, Hanna, Zimmerman & Freund,* of Keene (*George R. Freund, Jr.,* orally), for the defendant.

BROCK, J. This is an appeal from an order of the Superior Court (*Goode,* J.) dismissing plaintiff's petition for declaratory judgment as not being timely filed under RSA 491:22. For reasons which follow, we reverse.

On August 8, 1977, persons not party to the present proceedings brought suit against the plaintiff alleging, *inter alia,* that he had locked them out of premises which they had leased from him, thereby terminating the lease and causing them damages. The plaintiff alleges that he then contacted his insurance agent and was informed that none of the many individual and commercial insurance policies he then had in effect provided him with

coverage for this suit. The plaintiff retained private counsel to defend against this action. Approximately seventeen months after suit had been commenced, depositions were taken in the case and private counsel advised the plaintiff that one of his insurance policies may provide coverage for the cause of action alleged in the underlying writ. The plaintiff again contacted his insurance agent, who rechecked the many insurance policies owned by the plaintiff and discovered one that appeared to provide coverage to the plaintiff for the suit in question as it was then understood. This policy was issued by the defendant, Travelers Indemnity Company.

On February 2, 1979, the agent notified Travelers of the underlying action and furnished it with copies of the writ and depositions. On March 30, 1979, the defendant, after investigating the claim, formally denied coverage, alleging a violation of the notice provisions of the policy by its insured. Immediately thereafter, on April 5, 1979, the plaintiff filed a petition for declaratory judgment against the insurance carrier. Counsel for the defendant Travelers filed a motion to dismiss the petition, claiming that the six-month limitation period set forth in RSA 491:22 operated as an absolute bar to the petition because it was not filed on or before February 8, 1978, six months after the writ was brought. The trial court granted the motion to dismiss and the plaintiff appealed to this court.

We recently stated that "[t]he six-month limitation period in RSA 491:22 is not an absolute one." *National Grange Mut. Ins. Co. v. Watterson*, 120 N.H. 141, 143, 412 A.2d 1007, 1008 (1980). RSA 491:22 provides in part:

> "[T]he foregoing prohibition [the six-month limitation period] shall not apply where the facts giving rise to such coverage dispute are not known to, or reasonably discoverable by, the insurer until after expiration of such six-month period. . . ."

It is clear that, under the circumstances described in this section of the statute, a declaratory judgment petition may be brought after the six-month period has expired. *National Grange Mut. Ins. Co. v. Watterson, supra* at 143, 412 A.2d at 1008. In *National Grange*, we held that an insurer may properly bring a petition after the six-month period has run if the facts giving rise to the coverage dispute were not previously known to or reasonably discoverable by the insurer. In the present case, more than six months had passed since suit was commenced before the insurer first discovered that a writ had been brought against its insured.

At that point in time it is clear that the insurer itself could, if it had elected to do so, have filed a petition for declaratory judgment asserting that the policy did not require the company to defend or provide coverage to him for the claim being made against him. RSA 491:22; *National Grange Mut. Ins. Co. v. Watterson supra.* Rather, the insurer, relying on notice provisions in the policy, denied coverage claiming that the insured had failed to give it timely notice of the suit, a condition precedent to its obligation to provide coverage to the insured, and did not file a declaratory judgment action. The question which arises, then, is whether the insured can file a petition for declaratory judgment under RSA 491:22 when the insurer can do so and does not but simply denies coverage. We answer that question in the affirmative.

RSA 491:22 does not limit the right to bring a petition for declaratory judgment to the insurer when the six-month limitation does not apply because of the exclusion contained in the statute. The statute expressly provides that the six-month "prohibition *shall not apply* where the facts giving rise to such coverage dispute are *not known to, or reasonably discoverable by, the insurer. . . .*" (Emphasis added.) Once it is determined that this section of the statute is applicable, the six-month prohibition does not apply to either party. Because the defendant insurer here admits that it did not know, or could not have reasonably discovered, the facts giving rise to a coverage dispute until February 2, 1979, the petition, which was brought on April 5, 1979, is not barred under the six-month limitation contained in RSA 491:22.

*Reversed.*

All concurred.