Hillsborough
No. 83-252

### HARTFORD INSURANCE COMPANY

v.

### NEIL BIRD & a.

April 16, 1984

*Kenneth G. Bouchard*, of Manchester, by brief and orally, for the plaintiff.

*Keefe & Keefe*, of Wilton (*John Miles Keefe* on the brief and orally), for the intervenor Marguerite A. Howard, Administratrix of the Estate of Sandra K. Rassier.

BATCHELDER, J.   A wrongful death action was brought on March 31, 1981, by the administratrix of the estate of Sandra K. Rassier, who was the victim of a shooting perpetrated by Neil Bird on property owned by his parents. Hartford Insurance Company, insurer of Neil's parents, Leo and Marilyn Bird, brought a petition for declaratory judgment on November 10, 1981, seeking a declaration that Neil was not entitled to coverage under the parents' homeowner's insurance policy.

The administratrix was permitted to intervene in the declaratory judgment action. She moved to dismiss the petition on the ground that the petition was not timely filed. The Superior Court (*Contas, J.*) denied the administratrix's motion and granted the plaintiff's motion for summary judgment. The administratrix appeals from these rulings.

The administratrix argues, *inter alia*, that the plaintiff brought its petition outside the six-month limitation period set out in RSA 491:22 and that the petition, therefore, should have been dismissed. RSA 491:22 reads in pertinent part:

> "No petition [for declaratory judgment] shall be maintained under this section to determine coverage of an insurance policy unless it is filed *within 6 months* after the filing of the writ which gives rise to the question; provided, however, that the foregoing prohibition shall not apply where the facts giving rise to such coverage dispute are not known to, or reasonably discoverable by, the insurer until after expiration of such 6 month period; and provided, further, that the superior court may permit the filing of such a petition after such period upon a finding that the failure to file such petition was the result of accident, mistake or misfortune and not due to neglect."

(Emphasis added.)

The superior court made no finding of accident, mistake or misfortune in denying the administratrix's motion to dismiss the petition. The plaintiff maintains that its petition was timely filed because it was brought within six months of the date of its having first learned of the "accident in question."

■ We disagree. RSA 491:22 does not set forth a discovery rule such that the six-month period begins to run from the date of the discovery of the facts giving rise to the dispute over insurance coverage. *Cf. Raymond v. Eli Lilly & Co.,* 117 N.H. 164, 171, 371 A.2d 170, 174 (1977) (applying discovery rule to injuries allegedly caused by medical malpractice). The plaintiff became aware of the incident in question during the six-month period that followed the filing of the underlying writ. Consequently, the statute requires the petition to be brought within "such 6 month period," RSA 491:22, or, on the facts before the court, no later than September 30, 1981.

■■ A petition may be filed after the six-month period only when the facts giving rise to the coverage dispute become known to the insurer after the six-month period has run and were not reasonably discoverable by the insurer within the six-month period, or where the failure to file "was the result of accident, mistake or misfortune." *Id.; see National Grange Mut. Ins. Co. v. Watterson,* 120 N.H. 141, 412 A.2d 1007 (1980); *Fireman's Fund Am. Ins. Cos. v. Webber,* 112 N.H. 466, 298 A.2d 745 (1972). When facts, giving rise to a dispute over coverage, are discovered after the six-month period has passed, we assume that the legislature intended that the insurer would have a reasonable time from the date of discovery to file its petition.

■ Because there was no finding in the superior court that would invoke one of the exceptions to the six-month limitation found in the statute, and because the petition was filed more than six months after the date of filing of the underlying writ, the administratrix's motion to dismiss should have been granted and the plaintiff's petition denied. Accordingly, we need not reach the issues raised by the granting of the plaintiff's motion for summary judgment.

*Reversed.*

All concurred.