Coos
No. 84-294

QUINCY MUTUAL FIRE INSURANCE CO.

v.

ANITA CROTEAU

February 27, 1986

*Daschbach & Kelly P.A.*, of Lebanon (*Joseph F. Daschbach* on the brief and orally), for the plaintiff.

*Bergeron & Hanson*, of Berlin (*Peter H. Bornstein* on the brief and orally), for Flora Baillargeon, intervenor.

BROCK, J. The plaintiff, Quincy Mutual Fire Insurance Co. (Quincy Mutual or the company), appeals from the dismissal of its petition for a declaratory judgment, RSA 491:22. In its petition the company asserted that its insured, Anita Croteau, had breached the cooperation clause of her policy, and that it should be relieved of its

obligation to defend her against a pending personal injury claim and to indemnify her against any resulting liability. Finding that Quincy Mutual had failed to file its petition in a timely fashion under RSA 491:22, the Superior Court (*Dickson*, J.) dismissed the petition. For the reasons that follow, we affirm.

On March 7, 1982, Flora Baillargeon, the intervenor in this action, allegedly fell and was injured on an icy walkway while leaving a house owned by Croteau, her sister. At the time of the mishap, Croteau was insured by Quincy Mutual under a homeowner's policy. Croteau notified Quincy Mutual of the mishap on March 15, 1982. On May 13, 1982 in a signed statement submitted to the company, Croteau asserted that on the morning in question she had not yet left her house and was therefore not aware of the icy condition of her walkway. Almost a year later, on April 5, 1983, Baillargeon filed suit against Croteau. In a deposition taken on September 7, 1983, Croteau testified that on the day of the mishap she left her house *before* her sister, and was therefore aware of the dangerous condition of the walkway before the accident occurred.

On February 9, 1984, Quincy Mutual filed a petition for declaratory judgment. It alleged in the petition that its insured, Anita Croteau, had breached the terms of the insurance contract in that she had "wilfully concealed or misrepresented material facts or circumstances and . . . failed to cooperate with [the company] in the conduct of the suit." Baillargeon then moved to intervene and to dismiss the declaratory judgment petition claiming that it was not filed within six months after the filing of the underlying writ as required by RSA 491:22. After considering a series of motions concerning the applicability of *Hartford Insurance Co. v. Bird*, 124 N.H. 784, 480 A.2d 4 (1984), the trial court dismissed the petition and the company appealed.

The company raises two issues. It first argues that the six-month time limitation for filing a petition for declaratory judgment is inapplicable because the present dispute does not involve a question of insurance "coverage," RSA 491:22. The company also contends that RSA 491:22 does not preclude the filing of a petition for declaratory judgment more than six months after the underlying writ is filed where the events giving rise to the coverage dispute *occur within* that six-month period.

We need not address the company's first argument, as the issue was not properly raised below. *State v. Marcotte*, 123 N.H. 245, 247, 459 A.2d 278, 279 (1983); *Hampton Indoor Tennis Ctr., Inc. v. St. Paul Fire & Marine Ins. Co.*, 122 N.H. 790, 793, 451 A.2d 172, 173 (1982).

■■ We turn to the company's second argument. The company contends that the six-month limitation of RSA 491:22 does not run from the date of the filing of the underlying writ, but, rather, from the date of the events giving rise to the dispute. According to the company, the limitations period began not when the personal injury action was filed (April 5, 1983), but instead when Croteau was deposed (September 7, 1983).

RSA 491:22 reads in pertinent part:

> "No petition shall be maintained under this section to determine coverage of an insurance policy unless it is filed within 6 months after the filing of the writ which gives rise to the question; provided, however, that the foregoing prohibition shall not apply where the facts giving rise to such coverage dispute are not known to, or reasonably discoverable by, the insurer until after expiration of such 6 month period; and provided, further, that the superior court may permit the filing of such a petition after such period upon a finding that the failure to file such petition was the result of accident, mistake or misfortune and not due to neglect."

In general, a petition for declaratory judgment raising questions of coverage under an insurance policy must be filed *within six months* of the date that the underlying writ is filed. RSA 491:22. The statute provides two exceptions to this general rule: (1) where the facts giving rise to the coverage dispute first become known to or reasonably discoverable by the insurer *after* the six-month period has expired; and (2) where the superior court makes a finding that the failure to file the petition within the six-month period is the result of accident, mistake, or misfortune and not neglect. *Id.*

Neither of the stated exceptions is applicable in the present case. The facts giving rise to the company's claim that Croteau had violated the cooperation clause of the policy were known to the company approximately five months after the writ was filed. In addition, the superior court found that neither accident nor mistake nor misfortune contributed to the late filing of the petition.

Relying on *National Grange Mutual Insurance Co. v. Watterson*, 120 N.H. 141, 412 A.2d 1007 (1980), the company urges us to interpret RSA 491:22 as providing that a petition may be filed within six months of the occurrence of the events giving rise to a coverage dispute if such events occur within the six-month period following the filing of the underlying writ. Under its interpretation of the statute, the company would have had six months from the date Croteau

allegedly breached the cooperation clause in which to file the petition.

In *National Grange supra*, we gave effect to the plain language of the statute in allowing a petition for declaratory judgment to be filed within six months of the filing of an amended writ out of which a coverage dispute arose. *National Grange supra* merely recognized that "the writ which gives rise to the [coverage] question," RSA 491:22, may be an *amended* writ as well as an original writ. *National Grange supra* does not stand for the proposition that the limitations period does not commence until the facts giving rise to the coverage dispute are discovered. Moreover, our holding in *National Grange supra* is limited to situations where a coverage dispute comes to the attention of the insurer by way of a plaintiff's pleadings. *Id.* at 143, 412 A.2d 1009.

In *Hartford Insurance Co. v. Bird*, 124 N.H. 784, 480 A.2d 4 (1984) we expressly rejected the argument that the six-month period begins running from the date of discovery of facts giving rise to a dispute over insurance coverage. The company asserts that application of our holding in *Hartford supra* to the present case would lead to an "unjust and illogical" result. We disagree. Where the insurance carrier learns of facts giving rise to a dispute prior to the expiration of the six-month period but is unable to file its petition within that period, it can allege that it was prevented from filing because of accident, mistake, or misfortune. RSA 491:22. In the case before us, however, the company made no allegation of accident, mistake, or misfortune.

Because the company failed to file its petition for declaratory judgment within six months of the filing of the underlying writ, the petition was properly dismissed by the superior court.

*Affirmed.*

JOHNSON, J., did not sit; the others concurred.