Hillsborough
No. 85-089

MARGUERITE A. HOWARD, ADMINISTRATRIX
OF THE ESTATE OF SANDRA K. RASSIER

v.

HARTFORD INSURANCE COMPANY

March 3, 1986

*Keefe & Keefe P.A.*, of Wilton (*John Miles Keefe* on the brief and orally), for the plaintiff.

*Law Offices of Kenneth G. Bouchard P.A.*, of Manchester (*Carol L. Hess* on the brief and orally), for the defendant.

JOHNSON, J. This appeal is from the denial by the Superior Court (*Pappagianis*, J.) of the plaintiff's motion for summary judgment and from the dismissal of the plaintiff's petition to enforce judgment. For the reasons set out below, we affirm.

The underlying cause of action concerns a shooting incident which occurred on May 13, 1980. On that day, the plaintiff's decedent, Sandra Rassier, was shot and killed by Neil Bird. The two were living together in a house on property owned by Neil Bird's parents. The elder Birds also lived on the property, but in a separate house about 125 feet away from the house occupied by Ms. Rassier and Neil Bird. Bird's parents carried a homeowner's insurance policy through the Hartford Insurance Company (Hartford) which included coverage for liability. This policy specifically stated that the liability section covered only those persons living in the *named insured's household*. (Emphasis added.) The plaintiff administratrix brought a wrongful death action against Neil Bird. Neil Bird filed a special appearance and reservation of rights relative to service of process and jurisdiction.

Hartford then filed a petition for a declaratory judgment against Neil Bird, asserting that the shooting incident did not fall within the homeowner's policy because Neil Bird either expected or intended such injuries to occur. Hartford also asserted that there was a failure to notify the company of the incident in question in accordance

with the terms of the insurance contract. The administratrix of Sandra Rassier's estate moved to intervene in the declaratory judgment action and was allowed to do so. She then filed a motion to dismiss the declaratory judgment action on the ground that the petition was not timely filed. This motion was denied by the superior court in April, 1982. Thereafter, Hartford filed a motion for summary judgment in the action, alleging that Neil Bird was not an insured under the policy. This motion was granted by the trial court in April, 1983, and the administratrix then appealed to this court. The only issue which we decided in *Hartford Ins. Co. v. Bird*, 124 N.H. 784, 480 A.2d 4 (1984) was whether Hartford had filed a timely petition under the declaratory judgment statute, RSA 491:22. We held that Hartford had failed to file in a timely fashion and, therefore, that the trial court erred in denying the administratrix's motion to dismiss. We did not, however, reach the issues of coverage raised by the granting of Hartford's motion for summary judgment.

The plaintiff administratrix then attempted to settle the matter directly with Neil Bird, who was in prison at the time. In a letter, counsel for the plaintiff in this action promised Bird that no effort to enforce the judgment would be made against Bird. A confession of judgment for $250,000 was entered on June 6, 1984, in the Hillsborough County Superior Court.

The plaintiff then filed this petition to enforce judgment. Hartford moved to have the petition dismissed, on the ground that Neil Bird was not an insured under the policy. It incorporated into its answer an affidavit submitted by Bird's parents that their son Neil was not a member of their household, and that they did not intend or expect him to be covered under the liability portion of their policy.

The trial court ruled in favor of Hartford and dismissed the plaintiff's petition to enforce judgment. The plaintiff also moved for a summary judgment requesting that the superior court rule that Hartford must satisfy the settlement agreement entered into by the plaintiff and Neil Bird. This motion was denied by the superior court. The trial court did not address the alleged collusive nature of the settlement since the decision on the coverage issue eliminated the need to do so. The plaintiff then brought this appeal asserting that the trial court erred in failing to grant both the petition to enforce judgment and the petition for summary judgment.

The first issue we address in this appeal is whether the decision in *Hartford supra* was on the merits, thus precluding Hartford from now raising the policy coverage defenses initially raised in its declaratory judgment action. In *United States Fidelity & Guaranty Co., Inc. v. Johnson Shoes, Inc.*, 123 N.H. 148, 461 A.2d 85

(1983), we indicated that "to the extent any issue was litigated and determined in the declaratory-judgment action, the doctrine of collateral estoppel bars the parties to the first action, or their privies, from relitigating the question in the underlying suits." *Id.* at 154, 461 A.2d at 88 (citations omitted). This is in accord with the Restatement (Second) of Judgments which states that a declaratory judgment action is conclusive only "as to any issues actually litigated by [the parties] and determined in the action." RESTATEMENT (SECOND) OF JUDGMENTS § 33. The only issue we addressed in *Hartford supra* was timely filing by Hartford under RSA 491:22. Thus, we cannot say that the coverage issue, or any issue other than the timely filing of the declaratory judgment action, was precluded by our prior decision.

Further, the results of failing to file timely can be no more stringent than the results of failing to file at all. Hartford was not required to file under the declaratory judgment statute. Although a declaratory judgment action may be a more efficient procedure, "it is not a mandatory duty that the liability insurer invoke the provisions of the declaratory judgment statute." *Fisk v. Atlantic Nat. Ins. Co.*, 108 N.H. 353, 357, 236 A.2d 688, 692 (1967). Failure to file does not result in an estoppel of the insurer's defenses in an action. It follows that where the declaratory judgment action is dismissed for failure to file timely, the insurer should not thereby be estopped from asserting prior defenses on the merits in a later proceeding. *See Lalos v. Tickler*, 103 N.H. 292, 296, 170 A.2d 843, 846 (1961). Accordingly, we hold that the defendant is not estopped from litigating policy coverage in this present action.

The second issue raised by the plaintiff concerns her motion for summary judgment. She asserts that if it is determined that *Hartford supra* was decided on the merits, summary judgment should be granted as a matter of law. Since we have held that it was not a decision on the merits, that issue need not be discussed.

The final issue concerns the finding of the court below that Neil Bird is not covered by the policy because he was not an "insured" under the policy. In its order denying the plaintiff's motion for summary judgment and dismissing her petition to enforce liability under the homeowner's policy, the trial court found that there was no coverage under the Hartford policy based on the so-called "separate roof" theory.

We find the decision of the trial court is consistent with the weight of authority and settled rules of construction of policy language. The case of *Hernandez v. Comco Ins.*, 357 So. 2d 1368 (La. Ct. App. 1978), is particularly persuasive. There, the court stated "[t]he pattern

which emerges from the myriad of decisions considering the term 'household' seems to be an emphasis on dwelling as a family under one head." *Id.* at 1371. The court held that the plaintiff in that case was not a member of the insured's household even though he lived in a house on the insured's property and paid rent to his wife's parents. *Id.* Similarly in this case, Neil Bird and Sandra Rassier lived in a dwelling separate from that of Bird's parents. His parents had a homeowner's policy which covered the *premises* they owned, but there is no evidence of any intention to include Neil Bird and Sandra Rassier in that coverage.

█ In conclusion, even if there was an intent by the elder Birds to include the younger couple, the policy clearly states that there is liability coverage only for members of the named insured's household. We hold that someone living in a separate dwelling, though on the insured premises, is not a member of the named insured's household.

*Affirmed.*

All concurred.