Rockingham
No. 99-137

ROGER L. MARTIN & a.

v.

MAINE MUTUAL FIRE INSURANCE CO.

December 8, 2000

*Borofsky, Lewis & Amodeo-Vickery, P.A.*, of Newington (*Mark S. Gearreald* on the brief and orally), for the intervenors, Robert and Cathleen Mark.

*Germani & Riggle, LLC*, of Portland, Maine (*Elizabeth A. Germani* on the brief and orally), for the defendant.

NADEAU, J. The intervenors, Robert and Cathleen Mark, appeal a decision of the Superior Court (*Murphy*, J.) granting summary judgment in favor of the defendant, Maine Mutual Fire Insurance Company (Maine Mutual). We affirm.

We must first unwind a tangled fact pattern and procedural history. On July 5, 1992, Hampton Police Chief Robert Mark went to the residence of the plaintiffs, Roger and Adele Martin, to respond to a party situation. While there, Mark was allegedly struck, choked, and injured by Keith Lovett.

In June 1995, the Marks filed a suit against both Lovett and the Martins. They alleged that Lovett "violently str[uck] Robert E. Mark in the back of the head and grabb[ed] [him] around the neck, choking him and causing him to fall into a porch area; [and] that as a result of the foregoing willful, wanton and reckless conduct" Mark suffered injuries. The Marks' writ also alleged that the Martins were negligent because they owned the house where Lovett's actions took place. In October 1996, the Marks amended their writ to incorporate "claims sounding in negligence and intentional conduct" against Lovett.

As part of the underlying tort action, the Martins initiated a contribution claim against their co-defendant, Lovett. Lovett asked Maine Mutual, his parents' homeowner's insurance company, to defend and indemnify him in the underlying tort action. Maine Mutual informed Lovett that the allegations in the underlying tort action were not covered by the policy's liability coverage, and therefore refused to indemnify or defend him.

Maine Mutual's policy provides, in part:

> If a claim is made or a suit is brought against an insured for damages because of bodily injury or property damage caused by an occurrence . . . , we will: (1) pay up to our limit of liability for the damages for which the insured is legally liable; and (2) provide a defense at our expense by counsel of our choice . . . .

The policy defines "occurrence" as an accident. It also contains a coverage exclusion for suits alleging "bodily injury or property damage, which is expected or intended by the insured."

Following Maine Mutual's decision to deny coverage, the Martins filed a petition for declaratory relief, in which the Marks intervened, seeking to secure coverage under Lovett's insurance policy. Maine Mutual moved for summary judgment, arguing that its insurance policy did not apply because the pleadings in the underlying tort action did not allege an "accident" within the meaning of the policy. The trial court granted this motion, and the Marks appealed.

The Marks argue that their writ of summons contains sufficient allegations to trigger Maine Mutual's duty to defend and indemnify Lovett. Specifically, they contend that an exclusion for "bodily injury expected or intended by the insured" applies only when the insured intended the particular result to occur. Here, they contend that "Chief Mark's falling onto a porch and injuring himself was not anywhere near expected nor intended to occur as a result of his being choked" and thus is a covered "accident." We disagree.

In reviewing the grant of summary judgment, we consider the affidavits and pleadings in the light most favorable to the non-moving party. If there is no genuine issue of material fact and if the moving party is entitled to judgment as a matter of law, the grant of summary judgment is affirmed. *See Weaver v. Royal Ins. Co. of America,* 140 N.H. 780, 781, 674 A.2d 975, 977 (1996).

"The interpretation of insurance policy language is ultimately a question of law for this court to decide." *Allen v. Sentry Insurance,* 137 N.H. 579, 580, 630 A.2d 780, 781 (1993). Insurance companies can limit their liability through clear and unambiguous policy language. *See Weeks v. St. Paul Fire & Marine Ins. Co.,* 140 N.H. 641, 643, 673 A.2d 772, 774 (1996). Further, "[i]t is well-settled law in New Hampshire that an insurer's obligation to defend its insured is determined by whether the cause of action against the insured alleges sufficient facts in the pleadings to bring it within the express terms of the policy . . . ." *Green Mt. Ins. Co. v. Foreman,* 138 N.H. 440, 441-42, 641 A.2d 230, 232 (1994) (quotation omitted).

"Accident" is not defined in the policy. We have repeatedly held, however, that "accident" reasonably means "an undesigned contingency, . . . a happening by chance, something out of the usual course of things, unusual, fortuitous, not anticipated, and not naturally to be expected." *Vermont Mut. Ins. Co. v. Malcolm,* 128 N.H. 521, 523, 517 A.2d 800, 802 (1986) (quotations omitted). We recognize that accidents are not exclusive of intentional acts, and that the latter may have unforeseen, unintended, or "accidental" consequences. *See Providence Mut. Fire Ins. Co. v. Scanlon,* 138 N.H. 301, 305, 638 A.2d 1246, 1248 (1994). Nevertheless, we do not

require insurers to cover liability resulting from their insured's intentional acts that are inherently injurious and are "certain to result in *some* injury, although not necessarily the particular alleged injury." *Id.* at 306, 638 A.2d at 1249.

Thus, the essential inquiry is whether Lovett's actions were inherently injurious. The actions alleged by the Marks in the amended pleadings included Lovett "violently striking" Mark, "grabbing" him "around the neck, choking him and causing him to fall into a porch area."

We have found "inherently injurious" conduct in circumstances virtually identical to the circumstances of this case. *See Green Mt. Ins. Co.*, 138 N.H. at 441, 641 A.2d at 231. In that case, the insured punched another and caused that person to fall backwards off a porch. We concluded that such actions were inherently injurious. *Id.*

■ The superior court noted that it was a "matter of common sense" to conclude that the alleged actions here were inherently injurious. The intervenors misconstrue this language as the trial court applying an incorrect standard. The trial court properly applied the facts to our articulated definition of "inherently injurious," and correctly concluded that, as a matter of law, Maine Mutual was entitled to summary judgment.

■ The Marks argue that, unlike the pleadings in *Green Mt. Ins. Co.*, their pleadings allege sufficient facts to establish a negligence claim. We are wary of the "pleading strategies, whims, and vagaries of third party claimants [attempting] to control the rights of parties to an insurance contract." *M. Mooney Corp. v. U.S. Fidelity & Guaranty Co.*, 136 N.H. 463, 469, 618 A.2d 793, 797 (1992). The Marks' amended writ merely adds conclusions of negligence alongside the allegations of the "willful, wanton, and reckless conduct" in the preceding count. The amended pleadings contain no more than bald conclusions of negligence with no accompanying allegations of fact and are insufficient to trigger a duty to defend and or indemnify. *See Green Mt. Ins. Co.*, 138 N.H. at 443, 641 A.2d at 233.

The Marks also argue that our decision in *Binda v. Royal Insurance Co.*, 144 N.H. 613, 744 A.2d 634 (2000), forecloses us from affirming the superior court. There, in dicta, we stated that the amended pleadings in that case included "factual allegations [that] arguably constitute[d] unintentional conduct." *Id.* at 619-20, 744 A.2d at 639. In *Binda*, unlike here, the trial court had not previously reviewed the amended pleadings to determine if the negligence claims triggered coverage because the court had refused to allow the plaintiff to file a declaratory judgment petition. Our limited

holding in *Binda* answered the procedural question whether a party is entitled to file a petition for declaratory judgment six months following amendments to a writ, which allege an accidental occurrence. *Binda* required the superior court to make a determination whether the amended proceedings were sufficient to trigger the insurance company's duties to indemnify and defend. Nothing in that opinion undercuts the superior court's conclusions that in the pleadings of this case, Lovett's actions were inherently injurious and that Maine Mutual is entitled to judgment as a matter of law.

*Affirmed.*

BRODERICK and DALIANIS, JJ., concurred; HORTON, J., retired and GROFF, J., superior court justice, specially assigned under RSA 490:3, concurred.