Rockingham
No. 2002-633

THE CRAFTSBURY COMPANY, INC. & a.

v.

ASSURANCE COMPANY OF AMERICA

Argued: June 12, 2003
Opinion Issued: July 21, 2003

*Normand & Shaughnessy, P.A.*, of Manchester (*James B. Kazan* and *V. Richards Ward, Jr.* on the brief, and *Mr. Kazan* orally), for the plaintiffs.

*Devine, Millimet & Branch Professional Association*, of Manchester (*James R. Fox* on the brief and orally), for the defendant.

BROCK, C.J. The defendant, Assurance Company of America (Assurance), an insurance company, appeals a ruling of the Superior Court (*Hollman*, J.) denying its motion to dismiss a declaratory judgment petition filed by the plaintiffs, The Craftsbury Company, Inc., E. Ladd Kautz and Timothy L. Kautz (collectively, Craftsbury). It argues, among other things, that the petition was untimely because it was filed beyond the six-month limitations period provided under RSA 491:22 (1997). We reverse and remand.

Craftsbury, who are building contractors, and New England Homes (NEH), a manufacturer of modular homes, were co-defendants in a Massachusetts lawsuit filed on December 19, 1997, alleging design and construction defects of a modular home. The complaint included claims for breach of contract, breach of warranty, negligence, unfair and deceptive business practices, fraudulent misrepresentation and strict liability. NEH filed cross-claims against Craftsbury for contribution and indemnification. Assurance, Craftsbury's insurance company, defended and indemnified Craftsbury on the original claim by the Massachusetts plaintiffs, settling the suit and paying the plaintiffs $148,500. There is no information in the record regarding Assurance's initial position regarding coverage of the NEH cross-claims or whether those claims are still pending.

On January 11, 2001, NEH filed a writ in Rockingham County Superior Court again seeking contractual indemnification from Craftsbury. It also brought claims under the Consumer Protection Act against Craftsbury and Assurance and a claim for breach of contract against Assurance. On July 10, 2001, Craftsbury brought a petition for declaratory judgment against Assurance requesting a determination of Assurance's duty to defend and indemnify it in the NEH action. *See* RSA 491:22, III. Assurance argued that the declaratory judgment petition was barred because it was not filed within six months of the underlying Massachusetts action. *Id.* The trial court disagreed, concluding that the six-month limitations period began to run when the writ was filed in the New Hampshire indemnification action; thus the petition for declaratory judgment was not untimely because it was filed within six months of that writ.

On appeal, Assurance first argues that the court erred in ruling that Craftsbury's declaratory judgment action was not barred by the six-month limitations period under RSA 491:22, III. We agree. Because resolution of this case requires statutory interpretation, which is a matter of law, we review the trial court's decision *de novo. Magoon v. Thoroughgood,* 148 N.H. 139, 142 (2002).

■ RSA 491:22, III provides in pertinent part that no declaratory judgment "petition shall be maintained under this section to determine coverage of an insurance policy unless it is filed within 6 months after the filing of the writ, complaint, or other pleading initiating the action which gives rise to the question . . . ." A declaratory judgment action is a tool to provide parties an opportunity "to determine their legal or equitable rights at an earlier stage than would be possible if the matter were pursued in other established forms of action." *Radkay v. Confalone,* 133 N.H. 294, 297 (1990). The six-month limitations period applicable to insurance coverage cases was created to eliminate inexcusable delays in filing pretrial declaratory judgment petitions regarding insurance coverage, which were impeding the progress of the underlying lawsuits. *Allstate Ins. Co. v. Aubert,* 129 N.H. 393, 396 (1987); *see also* Lynn, *Declaratory Judgments in Insurance Cases: Recent Amendment Solves the "Where to Sue" Problem But Leaves the "When to Sue" Question Unresolved,* 36 N.H.B.J. 58, 59 (March 1995). "The limitation period is enforced to encourage early determination of insurance coverage questions." *Allstate,* 129 N.H. at 396.

There are only two exceptions to the six-month limitations period, and they are statutory: "A petition may be filed after the six-month period only when the facts giving rise to the coverage dispute become known to the insurer after the six-month period has run and were not reasonably discoverable by the insurer within the six-month period, or where the failure to file was the result of accident, mistake or misfortune." *Hartford Ins. Co. v. Bird,* 124 N.H. 784, 786 (1984) (quotation omitted); *see* RSA 491:22, III. In this case, however, the court's order was based not upon one of the statutory exceptions, but upon its determination of the triggering event for commencement of the six-month limitations period. It concluded that the limitations period started when the New Hampshire indemnification action was filed because the insurance coverage issue in the New Hampshire lawsuit was separate and distinct from the earlier Massachusetts action. *See Binda v. Royal Ins. Co.,* 144 N.H. 613, 619 (2000).

In *Binda,* although neither statutory exception applied, *id.* at 616, 618, we held that "an amended writ triggers a new six-month limitations period under RSA 491:22, III when new factual or legal allegations change the

cause of action in a manner that raises a coverage issue for the first time." *Id.* at 619. In that case, the original writ alleged that Binda had engaged in a course of willful, wanton and reckless conduct, whereas the amended writ added a claim for negligence. *Id.* at 614. Because the amended writ raised for the first time the question whether the insurer would provide coverage for alleged negligent conduct, we held that the amendment triggered a new six-month limitations period on Binda's declaratory judgment action against his insurer. *Id.* at 620.

    In this case, however, the issue is not the impact of an amended writ upon the commencement of the limitations period, but rather the impact of a separate indemnification action. We have held that a subsequent indemnity action does not revive the timeliness of an untimely filed petition for declaratory judgment. *Mottolo v. U.S. Fidelity & Guaranty Co.*, 127 N.H. 279, 284-85 (1985). We rejected the argument that indemnity actions are new claims that re-start the running of the six-month limitations period. *Id.* at 283-84. Because the original lawsuit and the subsequent indemnity action arose from a common set of operative facts, and the parties to the indemnity action were co-defendants in the original lawsuit, we concluded that all of the facts were in place from which the party petitioning for declaratory judgment could have deduced that his insurance coverage was a major issue. *Id.* at 284. Thus, the six-month limitations period was triggered by the underlying lawsuit, and the indemnity action had no impact on the running of that period.

    Here, both the New Hampshire indemnification and the underlying Massachusetts action arose from a common set of operative facts. *Cf. id.* The parties in the New Hampshire action were co-defendants in the Massachusetts action, and not only was it foreseeable that one co-defendant would file a cross-claim against the other, *cf. id.*, NEH in fact filed cross-claims against Craftsbury. The New Hampshire action raised no distinct issues of coverage, but rather reiterated issues of responsibility and liability for the defective materials and construction of the house. The claims in the Massachusetts action were sufficient to alert Craftsbury to seek a determination of its insurer's duty toward it under the terms of the insurance policy. *Cf. id.*

    Craftsbury argues that because Assurance acted on its behalf to settle the Massachusetts plaintiffs' claim against it, there was no question of coverage until NEH filed the New Hampshire action. This argument might be more persuasive if raised within the context of the applicability of one of the statutory exceptions to the running of the six-month limitations period. When it opposed Assurance's motion to dismiss, however, Craftsbury's only argument was an incorrect assertion that the

Massachusetts action could not begin the six-month limitations period because it was an out-of-state action. *See Jackson v. Federal Ins. Co.*, 127 N.H. 230, 232-33 (1985) (superseded by 1994 statutory amendment). The trial court's order, in turn, did not address the applicability of either statutory exception. Because the application of neither statutory exception was raised below, we need not address them. *Quincy Mutual Fire Ins. Co. v. Croteau*, 127 N.H. 676, 677 (1986); *see also Hartford*, 124 N.H. at 786 (reversing denial of motion to dismiss declaratory judgment action where trial court findings did not invoke exceptions to six-month limitations period and petition filed more than six months after underlying writ).

■ The general rule of RSA 491:22, III makes clear that the six-month limitations period runs from "the filing of the writ, complaint, or other pleading initiating the action which gives rise to the question" of insurance coverage. The limitations period does not, as Craftsbury asserts, run from the time there first exists a dispute as to insurance coverage. *See Binda*, 144 N.H. at 615-18. The complaint that gave rise to the question of coverage was filed on December 19, 1997. The petition for declaratory judgment, filed on July 10, 2001, was therefore untimely.

While declaratory judgment actions may be an efficient procedure for determining the scope of insurance coverage, such actions are not mandatory. *Howard v. Hartford Ins. Co.*, 127 N.H. 727, 730 (1986). As such, when a declaratory judgment action is dismissed for failure to file timely, the parties are not collaterally estopped from litigating policy coverage issues in another action because, although rulings in declaratory judgment actions are conclusive, this is only true "as to any issues actually litigated by the parties and determined in the action." *Id.* (quotation and brackets omitted).

■ Because there were no findings regarding the applicability of either statutory exception, and because Craftsbury did not file its declaratory judgment action within six months of the filing of the writ that gave rise to the questions at issue, Assurance's motion to dismiss should have been granted. *See Hartford*, 124 N.H. at 786. Accordingly, we need not reach the remaining issues raised on appeal. *See id.*

*Reversed and remanded.*

BRODERICK, NADEAU, DALIANIS and DUGGAN, JJ., concurred.